*This case was not selected for publication in the Federal Reporter*

**UNITED STATES of America, Appellee**

v.

**Robert Nicholas SPADARO, Appellant.**

No. 05–3204.

United States Court of Appeals, District of Columbia Circuit.

Nov. 29, 2006.

Roy Wallace McLeese, III, Assistant U.S. Attorney, U.S. Attorney's Office, (USA) Criminal Appellate, Washington, DC, for Appellee.

Thomas J. Saunders, Law Office of Thomas J. Saunders, Baltimore, MD, for Appellant.

Before: HENDERSON and GRIFFITH, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs by the parties pursuant to D.C.Cir. R. 34(j). It is

**ORDERED AND ADJUDGED** that the judgment of the district court is affirmed. Appellant's arguments—i.e., involuntary waiver of the right to counsel, improper refusal to postpone proceedings, and improper refusal to grant a new trial—find no support in the record. The record makes clear that appellant's decision to represent himself was not the product of a dispute with counsel over trial strategy. Moreover, the record reveals that the district court repeatedly engaged in extensive *Faretta* inquiries that were sufficient to establish the knowing and voluntary nature of appellant's decision to forgo counsel. Appellant's remaining arguments are even more insubstantial. The district court's denial of a continuance to secure testimony from an expert firearm witness was not prejudicial because appellant neither proffered any admissible, favorable evidence that could have been introduced after the continuance, nor established any evidentiary predicate for his antique gun

defense that would allow the expert witness to answer questions about his use of such a weapon. Lastly, appellant's motion for a new trial under Rule 33 was largely predicated on his waiver argument, and the denial of that motion was well within the district court's discretion.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.